Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN District of FLORIDA
### Division

FILED BY _____ D.C.

JUN 02 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MARCIA TAYLOR

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

SECRETARY ALEJANDRO N. MAYORKAS,
U.S. DEPARTMENT OF
HOMELAND SECURITY

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 1:23-cv-21881-RKA
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## AMENDED COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marcia Taylor |
| Street Address | 1213 SW 34th Terrace |
| City and County | Cape Coral |
| State and Zip Code | Florida. 33914 |
| Telephone Number | (954) 394-7448 |
| E-mail Address | marciataylor1@gmail.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Secretaty Alejandro . Mayorkas |
| Job or Title *(if known)* | Office of the General Counsel US Dept. of Homeland Security |
| Street Address | 2707 Martain Luther King, Jr. Avenue S.E. |
| City and County | Mail Stop 0485 |
| State and Zip Code | Washington, DC  20528-0485 |
| Telephone Number | (202) 891-2700 |
| E-mail Address *(if known)* | OGC@hq.dhs.gov |

Defendant No. 2

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question      ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Claim I - Discrimination, Title VII of the Civil Rights Act of 1964
Claim II - Retaliation, 42 U.S. Code § 12203
Claim III - Constructive Termination, Employment Rights Act 1996
Claim IV - False Claims Act
Claim V - Nepotism, 5 U.S.C § 3110

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____
       and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

<div style="padding-left: 2em;">

The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. Or is a citizen of
*(foreign nation)* _____.

b.   If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under
the laws of the State of *(name)* _____, and has its
principal place of business in the State of *(name)* _____.
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

</div>

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff claims that her former employer, DHS, caused damages to her person based on Claim I - Discrimination; Claim II - Retaliation; Claim III - Constructive Termination; Claim IV - Violation of the False Claims Act and Claim V - Nepotism.

See Attached.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/01/2023

Signature of Plaintiff   *[signature]*, Pro Se.

Printed Name of Plaintiff   Marcia Taylor, Pro Se

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

<div align="center">

UNITED CLAIMS DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21881-ALTMAN

</div>

**MARCIA TAYLOR,**

    *Plaintiff,*

v.

**ALEJANDRO N. MAYORKAS,**

**SECRETARY, U.S. DEPARTMENT OF**　　　　　　　**JURY TRIAL DEMANDED**

**HOMELAND SECURITY,**

    *Defendant.*

_____/

<div align="center">

## ATTACHMENT FOR PRO SE AMENDED COMPLAINT FOR A CIVIL CASE
### SECTIONS III and IV

</div>

**SECTION III – STATEMENT OF CLAIM**

<div align="center">

### CLAIM I
### DISCRIMINATION

</div>

1. Plaintiff claims that from around 2015 to 2018, DHS management at the Miami District Field Office continued to assign her job duties at the GS-12/13/14 level, without offering her a promotion or adjusting her rate of pay, from GS-9.

2. Plaintiff claims that, on or around March 20, 2018, Plaintiff applied for a competitive position

<div align="center">3</div>

that matched the GS-12/13/14 work tasks assigned to her by management at the Miami District Field Office, under Job Announcement OPM-ERO-10141561-DHS-ABF via Direct Hire Authority.

3. Plaintiff claims that DHS management at the Miami District Field Office, stopped her Direct Hire application that was sent via FedEx hand-delivery and by inter office chain-of-command e-mail from being delivered to the Field Office Director hiring official under Job Announcement OPM-ERO-10141561-DHS-ABF.

4. Plaintiff claims that on or around June 19, 2018, DHS management at the Miami District Field Office notified Plaintiff that they stopped her application from being processed for consideration via Direct Hire under Job Announcement OPM-ERO-10141561-DHS-ABF, because Plaintiff could not apply for the job.

5. Plaintiff claims that DHS management at the Miami District Field Office, replied to Plaintiff via e-mail in response to her Direct Hire application for Job Announcement OPM-ERO-10141561-DHS-ABF and stated, "You cannot apply for this job ... you have a PHD, good luck".

6. Plaintiff claims that DHS management at the Miami District Field Office, placed a less qualified white, Hispanic, male candidate into the position for Job Announcement OPM-ERO-10141561-DHS-ABF, that was less qualified for the job than the Plaintiff.

7. Plaintiff claims that the DHS hiring official at the Miami District Field Office placed the less qualified white, Hispanic, male candidate into Job Announcement OPM- ABF ERO-10141561-DHS-ABF, by hand-writing the said candidate's name onto the processed hiring certificate.

8. Plaintiff claims that the DHS hiring official at the Human Resource Headquarters Office for the Miami District Field Office placed the less qualified white, Hispanic, male candidate into Job Announcement OPM- ABF ERO-10141561-DHS-ABF, using an altered hand-written hiring certificate from the Miami District Field Office.

4

9. Plaintiff claims that, management at the Miami District Field Office, afforded privileges to the less qualified white, Hispanic, male candidate that was hired for Job Announcement OPM- ABF ERO-10141561-DHS-ABF, that was not afforded to the Plaintiff.

## CLAIM II

## RETALIATION

10. Plaintiff claims that DHS management at the Miami District Field Office, continued to assign her GS-12/13/14 work tasks after a less qualified candidate were selected for Job Announcement OPM-ERO-10141561-DHS-ABF via Direct Hire Authority

11. Plaintiff claims that she was instructed by DHS management at the Miami District Field Office, to train the less qualified white, Hispanic, male candidate after he was selected for Job Announcement OPM-ERO-10141561-DHS-ABF.

12. Plaintiff claims that DHS management at the Miami District Field Office, ordering her to provide further training to the entire Miami District employees and management, for the GS-12/13/14 work tasks she was assigned by said management, while Plaintiff worked and was paid under a GS-9 pay scale.

## CLAIM III

## CONSTRUCTIVE TERMINATION

13. Plaintiff claims DHS management at the Miami District Field Office caused overwhelming duress, stress, frustration, embarrassment, and distress by stopping her application from being submitted to the hiring official and then instructing her to train less qualified employees and management, while Plaintiff was working and being under a GS-9 pay scale.

14. Plaintiff claims that DHS management at the Miami District Field Office forced her to resign from her career job when:

    a) management blocked her from applying for Job Announcement OPM-ERO-10141561-DHS-ABF,

    b) management instructed the Plaintiff to continue completing GS-12/13/14 work tasks,

    c) management instructing the Plaintiff to train the less qualified selected employees,

    d) management instructed the Plaintiff to train management,

    e) management instructed the Plaintiff to train the entire Miami District Field Office,

    f) management prevented the Plaintiff from applying for a promotion from a GS-9 pay scale.

15. Plaintiff claims that the acts of management at the Miami District Field Office caused her to experience humiliation, severe stress, anxiety, depression, and fear of losing her job if she did not continue to succumb to the instructions of management.

16. On December 08. 2018, Plaintiff submitted a letter of resignation to management at the Miami District Field Office, stating that she was forced to resign from her job because of intentional harassment and retaliation from DHS management at the Miami Field Office, which caused Plaintiff's constructive termination.

## CLAIM IV

## VIOLATION OF THE FALSE CLAIMS ACT

17. Around April 19, 2019, after Plaintiff separated from DHS, management from the DHS Miami

6

District Office sent a notification to Plaintiff's personal e-mail account, advising Plaintiff that she was a subject of an internal DHS Miami Field Office investigation for theft of cash money via ATM withdrawals and for writing a bad check that bounced to the Federal Government.

18. Plaintiff claims that DHS management at the Miami District Field Office conducted an internal local criminal investigation against her while she was a United State Citizen Civilian, fully separate from the Federal Government, and claimed that Plaintiff made unauthorized ATM cash withdrawals using her approved Government travel credit card while on official authorized travel, and for writing a bad check that bounced to the Federal Government.

19. Plaintiff claims that DHS management at the Miami District Field Office sent a final document to her personal e-mail claiming that it was found that Plaintiff made unauthorized ATM cash withdrawals while on authorized travel by using her assigned Federal travel credit card, and that the Plaintiff wrote a bad check to the Federal Government that bounced.

20. Plaintiff claims that DHS management at the Miami District Field Office did not provide proof that Plaintiff made unauthorized ATM cash withdrawals while on authorized travel by using her assigned Federal travel credit card, and that the Plaintiff wrote a bad check to the Federal Government that bounced.

21. Plaintiff claims that DHS management at the Miami Field Office notified her that a permanent derogatory document was placed in the Plaintiff's local Miami Field Office employee file indefinitely, stating that:

    a) Plaintiff made unauthorized ATM cash withdrawals using her approved Government travel credit card while on authorized official travel, and

    b) Plaintiff wrote a bad check that bounced to the Federal Government.

## CLAIM V

## NEPOTISM

22. Around December 05, 2019, Plaintiff claims that she qualified for and was interviewed for re-hire by DHS, Miami District Field Office for Job No. LAG-FMI-10615195-DH-0301-12, and she was not selected.

23. Plaintiff also claims that she qualified for Job OPM-ERO-10141561-DHS-ABF for re-hire by DHS, Miami District Field Office and was not selected.

24. Plaintiff claims that the DHS, hiring official from the DHS Miami District selected and hired several candidates that were, by far, less qualified, than the Plaintiff for Job No. LAG-FMI-10615195-DH-0301-12, and/or for Job OPM-ERO-10141561-DHS-AB.

25. Plaintiff claims that one or more of the employees selected under for Job No. LAG-FMI-10615195-DH-0301-12, and/or Job OPM-ERO-10141561-DHS-AB are related to one or more members at the DHS Miami District Field Office management, who are also within supervision of one or more the alleged related employee(s).

## SECTION IV: RELIEF

## RELIEF

26. Plaintiff claims that she has been irreparably damaged by the actions of the DHS Miami District Field Office management, and that the actions of Discrimination, Retaliation, Constructive Termination, Violation of the False Claims Act and Nepotism by DHS Management from the Miami District Office led to Plaintiff's loss of her career and separation from DHS.

27. Plaintiff claims that she is blacklisted from being rehired by the DHS Miami District Field

Office because of the derogatory document held against her in the local DHS Miami District Field Office, as advised by former management from the DHS Miami District Field Office, via Plaintiff's personal e-mail.

28. Plaintiff claims that the acts of the DHS Miami District Field Office have caused her continued Extreme: emotional distress, stress, embarrassment, and financial hardship from loss of her career with DHS, to this day.

**WHEREFORE**, Plaintiff, prays that the Court will grant the following relief:

Order DHS to:

1) Award Plaintiff Reinstatement of Plaintiff's job at the GS 13/14 step 10 level, in a Remote position (like settled with prior cases) where Plaintiff can work Remotely and outside of direct environment to avoid further discrimination and retaliation.

2) Remove all derogatory documents held in the local Miami District office and HR office, that states that Plaintiff made illegal, or otherwise, made unauthorized ATM withdrawal via Plaintiff's Travel Card during authorized Federal Travel.

3) Remove all derogatory documents held in the local Miami District office and HR office, that states that Plaintiff wrote a bad check that bounced to the Federal Government.

4) Instruct all hiring officials to not block or prevent Plaintiff's application(s) from being processed and considered for re-employment.

5) Award Plaintiff all back pay, including benefits (pension, health, dental, bonuses, inflation, and wage increases) for full gap of employment from December 08, 2018, to date.

6) Award compensatory damages to Plaintiff in the amount of $650,000.00 and all other monetary damages deemed appropriate by this court.

7) Award punitive damages of 9 times compensatory damages or $4,950,000.00.

8) Award pain and suffering in the amount of $400,000.00.

9) Order DHS to pay all taxes, costs and legal fees separate from any settlement amount; and

10) Award such additional relief as justice may require, together with Plaintiff's costs and disbursements in this action.

Dated: June 01, 2023.

By:

*[signature]* Pro Se

Marcia Taylor, Plaintiff, Pro Se
1213 SW 34th Terrace
Cape Coral, FL 33914
Marciataylor1@gmail.com
(954) 394-7448

**COPY OF EMAIL FOR PROOF OF PAYMENT ON CASE 1:23-cv-21881-RKA**

**From:** Vernice Thomas
**Sent:** Friday, May 26, 2023 12:29 PM
**To:** marciataylor1@gmail.com
**Subject:** Copy of receipt attached

Generated: May 26, 2023 12:26PM                                                                 Page 1/1



# U.S. District Court

## Florida Southern - Miami

THIS IS A COPY

Receipt Date: May 23, 2023 2:34PM

MARCIA TAYLOR

| Rcpt. No: 269776 | | Trans. Date: May 23, 2023 2:34PM | | | Cashier ID: #AS |
|---|---|---|---|---|---|
| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 402.00 | 402.00 |

| CD | Tender | | | Amt |
|---|---|---|---|---|
| MO | Money Order | #19-525639037 | 05/12/2023 | $402.00 |
| | | | Total Due Prior to Payment: | $402.00 |
| | | | Total Tendered: | $402.00 |
| | | | Total Cash Received: | $0.00 |
| | | | Cash Change Amount: | $0.00 |

**Comments**: 23CV21674 LOG # 36042

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

Marcia Taylor
1713 SW 34 Terrace
Cape Coral, FL 33914

United States District Court
Southern District of Florida
Office of the Clerk of Court - Room 8N09
400 North Miami Avenue
Miami, Florida 33128-7716
Case #1:23-cv-21881-RKA