**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-cv-21881-ALTMAN/Hunt**

**MARCIA TAYLOR**,

*Plaintiff*,

*v.*

**KRISTI NOEM,**
**SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY**,

*Defendant.*
_____________________________________/

**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**

Our Plaintiff, Marcia Taylor, sued the Defendant, the Department of Homeland Security ("DHS") Secretary Alejandro N. Mayorkas,[1] alleging (among other things) that she was discriminated against during her employment at DHS. *See generally* Second Amended Complaint ("SAC") [ECF No. 47]. The Defendant has since moved to dismiss the Second Amended Complaint under Rule 12(b)(6), *see* Motion to Dismiss Plaintiff's SAC (the "MTD") [ECF No. 51], and Taylor responded, *see* Response [ECF No. 52].[2] After careful consideration, we **GRANT** the MTD and **DISMISS** Counts I–III of the Amended Complaint **with prejudice**.

---

[1] Mayorkas, then acting secretary of DHS, was named as the original Defendant in this case. On February 10, 2025, however, the Defendant filed a Notice of Supplemental Authority, which included the following footnote: "Pursuant to Federal Rule of Civil Procedure 25(d), due to the change in administration, Kristi Noem is automatically substituted for the previous DHS Secretary, Alejandro Mayorkas." Notice of Supplemental Authority [ECF No. 57] at 1 n.1. We'll therefore treat Noem as the Defendant in this case and change the caption of the case to reflect this reality.

[2] When the Defendant replied, *see* Reply [ECF No. 53], the Motion became ripe for adjudication.

## THE FACTS[3]

### I. The Plaintiff files two civil-rights complaints and three federal lawsuits

On December 8, 2018, Taylor resigned from DHS, where she'd worked since March 7, 2007. *See* Taylor Letter of Resignation [ECF No. 47-1] at 13. On June 20, 2018, shortly before she resigned from DHS, Taylor filed a complaint with the DHS Office for Civil Rights and Civil Liberties. *See* DHS Office for Civil Rights and Civil Liberties Final Agency Decision (the "First Internal DHS Complaint Order") [ECF No. 22-1] at 1 (noting that Taylor "initiated contact with an Equal Employment Opportunity (EEO) counselor" on June 20, 2018).[4] In that complaint, Taylor alleged that (1) she "was denied the opportunity to submit her resume for a promotion" to position No. OPM-ERO-10141561-DHA-ABF (the "1561 Position"); (2) she "felt forced to resign from her position"; and (3) the "Agency sent an email [to her] alleging she violated her travel card." *Id.* at 2.[5] The DHS Office for Civil Rights ultimately concluded that Taylor "failed to prove that ICE discriminated against her." *Id.* at 10. On June 2, 2022, it informed Taylor of its decision, *see id.* at 29, and told her that she had "the right to file a civil action in an appropriate United States District Court within 90 days after [receiving] this final decision if you do not appeal to EEOC," *id.* at 12.

---

[3] We accept the allegations of the Amended Complaint as true for purposes of this Order. *See Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) ("In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but 'legal conclusions without adequate factual support are entitled to no assumption of truth.'" (quoting *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (cleaned up))).

[4] "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holding, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The First Internal DHS Complaint (like the Second Internal DHS Complaint [ECF No. 22-2]) is plainly central to the Plaintiff's Second Amended Complaint because—as we're about to see—it establishes the timeframe within which the Plaintiff could file her civil action. And the Plaintiff doesn't dispute its authenticity. *See generally* Resp.

[5] This First Internal DHS Complaint Order refers exclusively to the 1561 Position, *see* First Internal DHS Complaint at 2–3 ("Findings of Fact"), which is the job the Plaintiff applied for in 2018, *see* SAC ¶ 1.

While that First Internal DHS Complaint was pending, Taylor submitted a second complaint to the DHS Office for Civil Rights on December 7, 2021. *See* DHS Office for Civil Rights and Civil Liberties Procedural Dismissal (the "Second Internal DHS Complaint Order") [ECF No. 22-2] at 1 (noting that Taylor "initiated contact with an Equal Employment Opportunity (EEO) counselor" on December 7, 2021). This time, the DHS Office for Civil Rights had to determine whether "ICE discriminated against Complainant based on race (Black/Dark Skin), color (Black), age (YOB: 1967), and retaliation (prior EEO activity)" in its decision *not* to select Taylor for the following four positions: LAG-FMI-10615195-DH-SD; LAG-ERO-10258487-DHA-SR; FMI-10663632-DHA-MA; and DAL-ICD-10840608-DH-HR. *Id.* at 2.[6] On January 10, 2023, the DHS Office for Civil Rights "dismiss[ed] th[e] complaint pursuant to [29 C.F.R. § 1614.107(a)(2)] for untimely EEO Counselor contact." *Ibid.* On January 12, 2023, the DHS Office for Civil Rights informed Taylor that she had "the right to file a civil action in an appropriate United States District Court within 90 days after [receiving] this final decision if you do not appeal to EEOC[.]" *Id.* at 6, 21.

On September 1, 2022—within the First Internal Complaint Order's ninety-day appeal period and before the adjudication of the Second Internal Complaint—Taylor, proceeding *pro se* before Judge Bloom of our Court, filed her first federal lawsuit against the Defendant. *See* Complaint, *Taylor v. U.S. Dep't of Homeland Sec.*, 22-cv-22805-BB (S.D. Fla. Aug. 1., 2022) (Bloom, J.) ("*Taylor*/Bloom"), ECF No. 1. In that complaint, Taylor asserted claims that were very similar to the ones she's advanced before us: Title VII Hostile Work Environment Based on Race, Color, Sex, Age (Count I); Title VII Retaliation (Count II); 5 U.S.C. § 2302 Prohibited Personnel Practices (Count III); 18 U.S.C. § 1001 False Statement, Concealment (Count IV); and Constructive Dismissal (Count V). And those claims

[6] We don't know anything else about these vacancies other than that LAG-FMI-10615195-DH-SD is the position for which Taylor applied in 2019 (after her resignation). *Compare* Second Internal DHS Complaint Order at 2 ("Claims at Issue"), *with* SAC ¶ 29.

arose from the very same factual allegations she's presented in her Second Amended Complaint here. *Compare generally id.* ¶¶ 8–31, *with* SAC ¶¶ 1–35. Rather than pay the $405 filing fee, though, Taylor submitted an Application for Leave to Proceed *in Forma Pauperis*, *Taylor*/Bloom, ECF No. 3, which Judge Bloom denied, *see* Order Denying Leave to Proceed *in Forma Pauperis*, *Taylor*/Bloom, ECF No. 6 (noting that, while Taylor claimed she had no income, she admitted that she worked for the city of Cape Coral). Taylor then paid the fee, and the Clerk of Court issued a summons for DHS. *See* Summons in a Civil Action, *Taylor*/Bloom, ECF No. 10. But Taylor never served the Defendant, *see generally* Docket, *Taylor*/Bloom, despite having been warned that her failure to do so would "result in dismissal without prejudice and without further notice," Order to File Proof of Service, *Taylor*/Bloom, ECF No. 11. So, on December 7, 2022—after the ninety-day service window outlined in FED. R. CIV. P. 4(m) had closed—Judge Bloom dismissed Taylor's complaint without prejudice "for failure to timely serve" and closed the case. Order of Dismissal without Prejudice, *Taylor*/Bloom, ECF No. 12.

On April 10, 2023—after the ninety-day appeal periods for each of the First and Second Internal DHS Complaint Orders had expired (and ninety-three days after Judge Bloom dismissed Taylor's suit for failure to prosecute)—Taylor filed a *second* federal lawsuit against the Defendant, this time before Judge Gayles. *See* Complaint, *Taylor v. Sec'y, U.S. Dep't of Homeland Sec.*, 23-cv-21354-DPG (S.D. Fla. April 10, 2023) (Gayles, J.) ("*Taylor*/Gayles"), ECF No. 1.[7] Taylor's claims before Judge Gayles were very similar to the ones she'd asserted before Judge Bloom (and which she's brought to us): Title VII Hostile Work Environment Based on Race, Color, Sex, Age (Count I); Title VII Retaliation (Count II); 5 U.S.C. § 2302 Prohibited Personnel Practices (Count III); 18 U.S.C. § 1001 False Statement, Concealment (Count IV); Constructive Dismissal (Count V); Non-selection Reprisal

[7] The Plaintiff identified this prior case for the first time in her Second Amended Complaint. *See* SAC ¶ 9; *see also* MTD at 8 (noting that the Second Amended Complaint "is where we first learn of the case before Judge Gayles").

(Claim VI); and Failure to Investigate (Claim VII). And, again, these claims were tied to the same factual allegations she'd advanced in the First Internal DHS Complaint and the Judge Bloom Complaint—which, in turn, are the same factual allegations she's asserted here. On April 11, 2023, Judge Gayles dismissed Taylor's complaint as a shotgun pleading. *See* April 11, 2023, Paperless Order Dismissing Case, *Taylor*/Gayles, ECF No. 5. But Judge Gayles gave Taylor twenty days to file an amended complaint. *See ibid.* Taylor didn't file anything. *See generally* Docket, *Taylor*/Gayles. So, on May 2, 2023, Judge Gayles dismissed Taylor's second complaint without prejudice because "the Court gave Plaintiff twenty (20) days from the date of the Order to file an Amended Complaint. However, Plaintiff failed to do so." May 2, 2023, Paperless Order of Dismissal, *Taylor*/Gayles, ECF No. 6.

Undeterred, on May 3, 2023—*long* after the ninety-day appeal periods for each of the First and Second Internal DHS Complaint Orders had expired—Taylor filed a *third* federal lawsuit against the Defendant, this time before Judge Scola. *See* Complaint, *Taylor v. Sec'y, U.S. Dep't of Homeland Sec.*, 23-cv-21674-RNS (S.D. Fla. May 3, 2023) (Scola, J.) ("*Taylor*/Scola"), ECF No. 1. Taylor's claims before Judge Scola were (again) very similar to the ones she'd asserted before Judges Bloom and Gayles (and which she's brought to us): Discrimination Leading to Constructive Dismissal (Count I); False or Fraudulent Claim of Unauthorized ATM Withdrawal and Writing a Bad Check (Count II); and Engagement in Nepotism and EEOC Failure to Investigate Claim (Count III). And, as before, these claims were tied to the same factual allegations she'd advanced in the First Internal DHS Complaint and the complaints before Judges Bloom and Gayles—which, in turn, are the same factual allegations she's asserted here. On May 4, 2023, Judge Scola gave Taylor one week to *either* pay the $405 filing fee *or* file an application to proceed *in forma pauperis*. *See* May 4, 2023, Paperless Order, *Taylor*/Scola, ECF No. 6. Taylor did neither. *See generally* Docket, *Taylor*/Scola. So, on May 17, 2023, Judge Scola dismissed Taylor's complaint without prejudice, finding that Taylor had "abandoned her prosecution of th[e]

case and . . . ha[d] not paid [her] filing fee or applied to proceed without payment." Order of Dismissal for Failure to Pay Fees, *Taylor*/Scola, ECF No. 8.

**II. The Plaintiff files this lawsuit**

On May 19, 2023—two days after Judge Scola dismissed her case—Taylor filed her complaint in our case, *see* Initial Complaint [ECF No. 1], which we promptly struck as a shotgun pleading, *see* May 23, 2023, Order [ECF No. 7]. Taylor then filed an Amended Complaint [ECF No. 9] on June 2, 2023, in which she asserted that she's been "irreparably damaged by the actions of the DHS Miami District Field Office management" and "blacklisted from being rehired by the DHS Miami District Field Office because of the derogatory document held against her." Amended Complaint ¶¶ 26–27. She also alleged that the "acts of the DHS Miami District Field Office have caused her continued [e]xtreme: emotional distress, embarrassment, and financial hardship from loss of her career with DHS, to this day." *Id.* ¶ 28. In our case, Taylor brought five causes of action against the Defendant: Discrimination (Count I); Retaliation (Count II); Constructive Termination (Count III); Violation of the False Claims Act (Count IV); and Nepotism (Count V). *See id.* ¶¶ 1, 10, 13, 17, 22.

On October 6, 2023, the Defendant filed its MTD under Rule 12(b)(6), arguing that Taylor's claims "should be dismissed with prejudice." First Motion to Dismiss ("First MTD") [ECF No. 22] at 1. *First*, the Defendant said that Counts I–III (Discrimination, Retaliation, and Constructive Termination) should be dismissed because they're "time-barred by Title VII's statute of limitations." *Ibid.* According to the Defendant, Taylor "commenced this case long after her receipt of the relevant underlying Final Agency Decision[8] containing a right to sue notice advising that she had 90 days to file suit in district court." *Ibid. Second*, the Defendant contended that Counts IV and V should be dismissed because they "simply [have] no application to the facts alleged[.]" *Id.* at 2.

---

[8] According to the Defendant, that "relevant . . . Final Agency Decision" is the First Internal DHS Complaint. *See* First MTD at 1, 5.

In her First MTD Response [ECF No. 26], Taylor countered that her claims weren't time-barred (she didn't address any of the Defendant's other arguments)[9] because:

> [S]he filed her first Case No. 22-cv-22805 [before Judge Bloom] on September 1, 2022, and said case and all subsequent cases were dismissed Without Prejudice pursuant to Florida Rules of Civil Procedure, this Case No. 23-cv-21881 and the Amended Complaint are now timely filed therefore, Title VII and all issues stated under Defendant's Motion to Dismiss under item IV, does not apply as claimed by the Defendant.

*Id.* at 2. In its Reply, the Defendant maintained that "the timely commencement of a case that is later dismissed without prejudice does not toll the applicable statute of limitations." First MTD Reply [ECF No. 29] at 2.

We agreed with the Defendant and granted the First MTD on all counts. *See Taylor v. Mayorkas*, 2024 WL 1929497, at *7 (S.D. Fla. May 2, 2024) (Altman, J.). In that order, we dismissed Counts IV and V *with* prejudice. As to Counts I–III, though, we considered whether Rule 15 saved Taylor's complaint and concluded that it did not: "There's no question," we wrote, "that the lawsuit before us—*if* considered in isolation—is untimely," *id.* at 5, and that Taylor "failed to meet her burden of showing that our case relates back to the lawsuits she filed before Judges Bloom and Scola,"[10] *id.* at 6. But because "our Plaintiff hasn't invoked the doctrine of equitable tolling at all—though she could have"[11]—we allowed her to file an amended complaint. *Id.* at 9; *see also id.* at 13 ("We dismiss the first three counts of the Amended Complaint without prejudice because, though these claims appear to be

---

[9] By failing to respond to these arguments, the Plaintiff forfeited any response she might have had to them. *See Gent Row, LLC v. Truist Fin. Corp.*, 2022 WL 3682172, at *2 (S.D. Fla. June 27, 2022) (Dimitrouleas, J.) ("Plaintiff has abandoned this claim by failing to defend it in opposition to the Motion to Dismiss."). But since the Plaintiff was *pro se*—and in the interest of completeness—we conducted a full analysis of the Plaintiff's claims before disposing of them. *See Taylor v. Mayorkas*, 2024 WL 1929497, at *7 (S.D. Fla. May 2, 2024) (Altman, J.).

[10] Recall that Taylor never told us about her case before Judge Gayles.

[11] We did, however, add this caveat: "In any event, equitable tolling probably wouldn't have saved her claims because she hasn't identified any circumstances, let alone any 'extraordinary circumstances,' that might 'justify her untimely filing.'" *Taylor*, 2024 WL 1929497, at *9.

time-barred, we think it prudent to give the Plaintiff one final chance to show that the doctrine of equitable tolling might save her here."). In other words, we allowed Taylor one last chance to amend her complaint to establish her entitlement to equitable tolling.

On May 16, 2024, Taylor timely filed the Second Amended Complaint.[12] Unfortunately, in that SAC, she added *only one sentence* in support of her equitable-tolling claim. And that sentence said only this: "Rule 15 of the Federal Rules of Civil Procedures [sic] and the Doctrine of Equitable Tolling will save her claim." SAC at 1. That's it. She didn't allege any *new* facts (or any arguments or explanations) to support her claim to equitable tolling. Indeed, Taylor mysteriously and bizarrely *removed* from her SAC almost *all the facts* about *the merits* of her case and any description of the alleged events. *Compare generally* SAC, *with* Amended Complaint.

Given these obvious deficiencies in the SAC, on June 16, 2025, the Defendant moved to dismiss the Second Amended Complaint (the "MTD") [ECF No. 51]. In the MTD, the Defendant argues that Taylor "has failed to identify any extreme, unusual, no-fault-of-her-own circumstances that might then allow equitable tolling to come in to save the day." MTD at 10. "Because," the Defendant continues, "Plaintiff has not alleged anything in her SAC that might plausibly entitle her to equitable tolling or Rule 15 relation-back, the entire SAC remains time-barred (as the Court previously found) and must now be dismissed with prejudice." *Ibid.* Taylor responded that she's entitled to equitable

[12] To be perfectly clear about the sequences of events, Taylor blew past the deadline we had set for her to file the SAC and only submitted it after receiving the following admonition from us:

> In our [ECF No. 45] Order Granting Motion to Dismiss Amended Complaint, we gave the Plaintiff until May 16, 2024, to file a second amended complaint. As of this writing, however, the Plaintiff hasn't yet done so. Accordingly, we **ORDER** the Plaintiff to file her **second amended complaint** by **May 16, 2024**. We **will NOT accept** any filings after that date.

Paperless Order [ECF No. 46] (first citing *Taylor*, 2024 WL 1929497, at *14; and then citing the Docket).

tolling because "Plaintiff is Pro Se and had no control over how the District Court assigned her filing under this complaint, to different Judges, and under different case numbers." Resp. ¶ 3. This Order follows.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek*, 832 F.3d at 1246.

But "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) ("We also construe the complaint liberally because it was filed *pro se*."); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an

action." *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th. Cir 2021) (cleaned up). Notably, the requirement that "a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face . . . also applies to *pro se* complaints." *Wells v. Miller*, 652 F. App'x 874, 875 (11th Cir. 2016); *see also Saunders*, 766 F.3d at 1266 (recognizing that *Twombly* and *Iqbal* apply to *pro se* complaints).

## ANALYSIS

### I. The Plaintiff's Claims are Time-Barred

We've already determined that Taylor's claims were time-barred. Here's what we said on this subject the last time around:

> There's no question that the lawsuit before us—*if* considered in isolation—is untimely. This is true even if we give the Plaintiff the benefit of the doubt and assume that she had ninety days from the date on which she was served with the *Second* Internal DHS Complaint Order to file this federal action.[13] Because she was served with that Second Internal DHS Complaint Order on January 12, 2023, *see* Second Internal DHS Complaint at 21 (showing date of service), her ninety-day window would have closed on April 12, 2023. But she didn't file this lawsuit until May 19, 2023, *see* Initial Complaint—more than a month late.

*Taylor*, 2024 WL 1929497, at *5. In granting Taylor leave to amend, we gave her *one final* opportunity to show that the doctrine of equitable tolling might save her claims. But she's alleged *no* new facts (or really any facts at all) in her Second Amended Complaint. And we've *already* considered the viability of her claims under Rule 15: "The Plaintiff hasn't *explicitly* invoked Rule 15," we said the last time, but "[c]onsidering that Taylor is proceeding *pro se*, we think she's done just enough to invoke Rule 15(c)(1)(B) here." *Id.* at *6 n.8. Again, we see no reason to depart from our previous order, in which we concluded that Rule 15 *didn't* save her claims. *Id.* at *9 (finding that "[o]ur case is more like the Eleventh Circuit's decision in *Foudy v. Indian River County Sheriff's Office*, 845 F.3d 1117 (11th Cir. 2017),"

---

[13] We said "benefit of the doubt" because it's not clear from *either* the Amended Complaint *or* the Second Amended Complaint *which* lawsuit corresponds to which Internal DHS Complaint Order.

and that "[w]e therefore see little reason to stray from *Foudy*'s default rule that the '[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations" (quoting *Foudy*, 845 F.3d at 1126 (quoting *Bost*, 372 F.3d at 1242))).

And Taylor's case before Judge Gayles doesn't alter this result. As the Defendant notes, there was "a 93-day gap between the dismissal of the Judge Bloom case and the filing of the Judge Gayles case." MTD at 8–9. So, "even if the filing deadline were tolled by the commencement of the first case before Judge Bloom, it started running again when that case was dismissed" and "would have lapsed before Plaintiff ever filed" her case before Judge Gayles. *Id.* at 9. Here, again, the Defendant is correct. "As the Eleventh Circuit explained, '[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations,'" *Taylor*, 2024 WL 1929497, at *8 (quoting *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)), "because the 'statute of limitations is not automatically tolled in such a situation, absent some additional reason,'" *ibid.* (quoting *Bost*, 372 F.3d at 1242 (citing *Justice v. United States*, 6 F.3d 1474, 1479–80 (11th Cir. 1993))). Here, Taylor's earlier complaints were dismissed by Judges Bloom, Gayles, and Scola for failure to follow court orders.[14] And Taylor "did *nothing*, ignored the unambiguous instructions of [*three*] federal judges, and then just *walked away* from two federal cases *she* had initiated." *Id.* at *9. As we said the last time: "What we're dealing with here, then, is not a *pro se* plaintiff who's trying to prosecute her case while making minor (if not wholly unexpected) technical errors. We're dealing, instead, with a plaintiff who appears to prosecute her case only when it's convenient for her." *Ibid.* at *7.[15]

---

[14] Specifically, as we've highlighted, the Plaintiff failed to serve the Defendant in compliance with Judge Bloom's order, failed to file an amended complaint in response to Judge Gayles's dismissal, and failed *either* to pay the filing fee *or* to apply to proceed *in forma pauperis* in Judge Scola's case.

[15] We agree in full with what we said on this issue in our prior order:

> [T]he Plaintiff all but abandoned her claims in two separate cases—ignoring the unambiguous instructions of two federal judges along the way. In the case before Judge Bloom, the Clerk of Court issued a summons, but the Plaintiff failed to serve the

"Rule 15(c) pertains only to pleadings within the same case." *Phillips v. Am. Honda Motor Co.*, 2005 WL 8158885, at *2 (S.D. Ala. July 6, 2005) (Granade, C.J.) (citing *Carter v. Tex. Dept. of Health*, 119 F. App'x 577, 581 (5th Cir. 2004) (first citing *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment[.]")); then citing *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading. Because the simulator claim was not contained in an amended pleading in Suit 1 but in a second, separate complaint, Rule 15(c) is inapplicable."); then citing *United States ex rel. Malloy v. Tel. Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003) ("We agree that 'Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action.'"); and then *D.C.I. Comput. Sys., Inc. v. Pardini*, 978 F.2d 1265 (9th Cir. 1992) ("[R]ule 15(c) does not authorize an amended pleading to 'relate back' to an entirely separate cause of action[.]"))). Because Taylor (again) provided no "additional reason,"[16] her "complaint cannot relate back" to the initial complaint and we again find that Rule 15 doesn't save her claims.[17] *Taylor*, 2024 WL 1929497, at *8.

---

> Defendant within the 90 days set out in Rule 4(m)—despite having been warned by Judge Bloom that her failure to do so would result in dismissal. And, in the case before Judge Scola, the Plaintiff neither paid the filing fee nor submitted an application for leave to proceed *in forma pauperis* within the time limits Judge Scola had set. What we're dealing with here, then, is not a *pro se* plaintiff who's trying to prosecute her case while making minor (if not wholly unexpected) technical errors. We're dealing, instead, with a plaintiff who appears to prosecute her case only when it's convenient for her.

*Taylor*, 2024 WL 1929497, at *7.

[16] In fact, Taylor disclosed a *third* suit before Judge Gayles where she, again, walked away—further convincing us that Rule 15 cannot help her here.

[17] Judge Marra of our Court considered a similar situation, where the plaintiff argued that Rule 15 allowed the new complaint to "relate back" to a previous complaint that had been dismissed without prejudice in our District. Here's what he said in rejecting that argument:

## II. Taylor's Claims Aren't Equitably Tolled

Our only remaining question, then, is whether Taylor sufficiently pled equitable tolling.[18] We find that she has not.

"The interests of justice . . . can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevent timely filing." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). Such a "finding of extraordinary circumstances necessary for equitable tolling is reserved for extraordinary facts." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1154–55 (11th Cir. 2005)

---

> Plaintiff contends that *a new case,* not an amendment, should relate back to his original complaint—which was dismissed *sua sponte* on July 21, 2005 for failing to plead the $75,000 jurisdictional prerequisite. Yet it is well established that a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim. *Benge v. United States,* 17 F.3d 1286, at 1288 (10th Cir. 1994) (citing *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991)); *accord Burkes v. Nassau Cnty. Police Dept.*, 2006 WL 3314642, at *2 (E.D.N.Y. 2006) (finding that the relation back doctrine and Rule 15(c) were inapplicable where Plaintiff's previous case was dismissed and there was no existing complaint pending before the court to which the instant complaint could relate back); *cf. Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981) (holding that the pendency of an action, whether voluntarily or involuntarily dismissed without prejudice, does not operate to toll the running of the statute of limitations). Thus, the Court finds that Rule 15(c) is inapplicable here as Plaintiff has no existing complaint pending before the court to which the instant complaint could relate back.

*Hunsinger v. Leehi Int'l*, 2010 WL 2573948, at *3 (S.D. Fla. June 24, 2010) (Marra, J.).

[18] In dismissing her Amended Complaint, we found that "our Plaintiff hasn't invoked the doctrine of equitable tolling at all—though she could have." *Taylor*, 2024 WL 1929497, at *9 (first citing *Gant v. Jefferson Energy Co-op*, 348 F. App'x 433, 434 (11th Cir. 2009) ("Because it is non-jurisdictional, the time limit [to file a Title VII suit] is subject to equitable tolling, permitting a court to disregard the late filing under certain circumstances."); and then citing *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1175 (11th Cir. 2014) ("Equitable tolling is the doctrine under which plaintiffs may sue after the statutory period has expired if they have been prevented from doing so due to inequitable circumstances." (cleaned up & emphasis added))). "In any event," we presaged, "equitable tolling probably wouldn't have saved her claims because she hasn't identified any circumstances, let alone any 'extraordinary circumstances,' that might 'justify her untimely filing.'" *Ibid.* (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (emphasis added)). But, given her *pro se* status, we allowed Taylor to amend her pleadings (for a seventh time) to allege facts supporting equitable tolling. She (again) hasn't done that.

(cleaned up); *see also Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (stating that equitable tolling is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence" (cleaned up)). For example, equitable tolling may be appropriate "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against him." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (citing *Waller v. Comm'r*, 168 F. App'x 919, 922 (11th Cir. 2006)). "Absent proof that an employer actively tried to mislead a plaintiff, a plaintiff may avail herself of equitable tolling by proving '(1) that she he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing.'" *Villarreal v. R.J. Reynolds*, 839 F.3d 958, 971–72 (11th Cir. 2016) (en banc) (quoting *Menominee Indian Tribes of Wisc. v. United States*, 577 U.S. 250, 255 (2016)).

"The plaintiff bears the burden of showing that such extraordinary circumstances exist[,]" and courts are reminded that "equitable tolling is an extraordinary remedy which should be extended only sparingly." *Carlsen v. One W. Bank FSB*, 2010 WL 4123573, at *2 (S.D. Fla. Oct. 20, 2010) (Dimitrouleas, J.) This is true even at the motion-to-dismiss stage—where the "[p]laintiffs' conclusory assertion of equitable tolling is insufficient; the Complaint must allege facts sufficient to support the contention that equitable tolling should apply." *Ibid.* "Where there has been no showing of a basis for equitable tolling in either the complaint or a response to a motion to dismiss, courts have granted motions to dismiss claims as time-barred." *Switala v. Rosenstiel*, 288 F. Supp. 3d 1296, 1301 (S.D. Fla. 2017) (Bloom, J.).

Taylor's argument for equitable tolling is simple: She's *pro se* and was confused. *See* Resp. at 5 ("Plaintiff is ProSe and had no control over how the District Court assigned her filing under this complaint to different Judges and under different case numbers."). In other words, she "was confused

when the Court listed the case under several different case numbers and under different Judges." *Ibid.* At best, however, Taylor's argument misses the mark—at worst, it's manifestly false.

Taylor doesn't allege that her employer—DHS—misled her. *See generally* SAC; Resp. So, for her case to relate back to the lawsuits she filed before Judges Bloom, Gayles, and Scola under the doctrine of equitable tolling,[19] Taylor must show "(1) that she he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing." *Villarreal*, 839 F.3d at 971–72. She fails both prongs.

*First*, she hasn't been diligently pursuing her case. "To be in a position to advance a tolling argument, due diligence is a necessary, though not sufficient, prerequisite that a plaintiff must satisfy." *Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016). "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Nothing about the facts Taylor alleges support the suggestion that she has been "excercis[ing] due diligence in preserving [her] legal rights." *Ibid.*; *see also Morrison v. Synovus Bank*, 2025 WL 2207409, at *5 (S.D. Fla. Aug. 4, 2025) (Bloom, J.) ("This delay in filing her Complaint provides further evidence that [the plaintiff] was not diligent in pursuing her claims."). In fact, in *each* of Taylor's *four* cases, our District has spent precious time and resources dismissing her cases because she failed to comply with a court order, serve a defendant, or otherwise prosecute her case. *See Taylor*/Bloom, ECF No. 12 (dismissing "for failure to timely serve"); *Taylor*/Gayles, ECF No. 5 (dismissing as a shotgun pleading); *Taylor*/Gayles, ECF No. 6 (dismissing for failing to file an amended pleading); *Taylor*/Scola, ECF No. 8 (dismissing because Taylor "abandoned her prosecution of th[e] case and . . . ha[d] not paid [her] filing fee or applied to proceed

[19] That's because her case before Judge Bloom was timely filed, but, by the time she filed *any* of her three complaints before Judge Scola, Judge Gayles, or us, the EEOC's ninety-day period had elapsed.

without payment"). We won't grant the "extraordinary remedy" of equitable tolling to a defendant who has consistently disregarded the orders of *three* federal judges.

*Second*, even if Taylor had exercised diligence (which, again, she hasn't), her argument would *still* fail. The *only* excuse Taylor offers us is her *pro se* status. Resp. at 5 ("Plaintiff is ProSe and had no control over how the District Court assigned her filing under this complaint to different Judges and under different case numbers."). But that isn't an "extraordinary and compelling" circumstance at all. True, Taylor's "complaint is construed liberally because [s]he filed it *pro se*." *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). But "a plaintiff's *pro se* status and ignorance of the law do not warrant equitable tolling." *Robinson*, 305 F. App'x at 630; *see also Morrison*, 2025 WL 2207409, at *5 ("Lack of counsel or ignorance of the law does not establish extraordinary circumstances compelling equitable tolling." (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997))). A *pro se* "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). And our Circuit has held that "vague and conclusory references" to "*pro se* status" "fail to demonstrate that extraordinary circumstances sufficient to require equitable tolling existed[.]" *Arrington v. United Parcel Serv.*, 384 F. App'x. 851, 852 (11th Cir. 2010). So even if Taylor were telling the truth that she was "confused" (which, again, we don't think she was) because she's *pro se*, that *still* wouldn't warrant equitable tolling. In short, her vague and conclusory assertions that she "is ProSe and had no control over how the District Court assigned her filing" don't entitle her to relief and don't prevent us from granting dismissal *with* prejudice. *See Chamblin v. Auburn Univ.*, 2023 WL 2447514, at *2 (M.D. Ala. Mar. 10, 2023) (Huffaker, Jr. J.) (granting motion to dismiss with prejudice where the *pro se* plaintiff "received her revised charge document from the EEOC on September 18, 2022, yet waited until September 29, 2022 to file"); *Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x. 623, 626 (11th Cir. 2006) (finding

"no abuse of discretion in the dismissal of Plaintiff's complaint [with prejudice] for lack of prosecution" because the *pro se* plaintiff "fail[ed] to comply with orders").

Even more egregious—as the Defendant points out, *see* Reply at 2 ("Defendant files this reply simply to correct Plaintiff's apparent misunderstanding of the administrative proceedings that underlie this case[.]")—Taylor misrepresents the facts. Taylor says that her case before Judge Bloom was "closed 'without prejudice' and reopened under different case numbers and different judges[.]" Resp. at 6. But that's not what happened. Judges Bloom, Scola, and Gayles all *dismissed* Taylor's cases because she failed to prosecute her cases and disregarded their numerous reminders. We did not, as Taylor would have it, "assign her filing under this complaint to different judges and under different case numbers"; nor did we "list[ ] her case under several different case numbers[.]" *Id.* at 5. Put simply, Taylor (the *Plaintiff*) filed different cases before several judges—with different case numbers—in our District because she continually disregarded our District's orders. Taylor isn't a victim of a legal labyrinth—she is a serial litigant who "prosecute[s] her case only when it's convenient for her." *Taylor*, 2024 WL 1929497, at *7. In these circumstances, "[a]nother without-prejudice dismissal would be inadequate to provide a meaningful remedy, would reward bad behavior, and would encourage [Taylor] to continue to act with impunity by flouting Court orders." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1316 (S.D. Fla. 2019) (Goodman, J. Mag.) (dismissing a *pro se* plaintiff with prejudice who failed to comply with court orders); *see also Soto v. Miami-Dade Cnty.*, 281 F. Supp. 3d 1320, 1323 (S.D. Fla. 2017) (Williams, J.), *aff'd*, 760 F. App'x. 855 (11th Cir. 2019) (dismissing with prejudice where "[i]t is also clear that the repeated delays and failures by the Plaintiff are of her own making," because the court issued "numerous orders, affording Plaintiff repeated opportunities to remedy her noncompliance and proceed with prosecuting her case," but "[e]ach time, Plaintiff has failed to do so"). Enough is enough: We now dismiss Taylor's case *with* prejudice.

***

Our Plaintiff has failed to meet her burden of showing that our case relates back to the lawsuits she filed before Judges Bloom, Gayles, and Scola. *Cf. Bray v. Bank of Am., N.A.*, 763 F. App'x 808, 811 (11th Cir. 2019) (finding that a *pro se* plaintiff's complaint didn't "relate back" to a prior complaint that had been dismissed without prejudice, even though "both civil actions ar[o]se from the same set of operative facts"); *Morency v. Barnes*, 2017 WL 3268890, at *2 (M.D. Fla. Aug. 1, 2017) (Corrigan, J.) (dismissing 42 U.S.C. § 1983 claims as untimely, even though the *pro se* plaintiff had timely filed a prior complaint—based on the same operative facts and against the same defendant—which had been dismissed without prejudice); *Mathis v. Inch*, 2021 WL 648163, at *2 (S.D. Fla. Jan. 8, 2021) (Cooke, J.) (noting that, because "dismissal of a complaint, without prejudice, usually does not allow a later complaint to be filed outside the statute of limitations," a court "may equitably toll a limitations period" *only if* "the plaintiff [has] established that equitable tolling is warranted" (cleaned up)). Because Taylor's claims are untimely—and since Taylor has had *seven* chances to pursue her claims already—we **DISMISS** her claims **with prejudice**.

## CONCLUSION

After careful review, therefore, we hereby **ORDER and ADJUDGE** as follows:

1. The Motion to Dismiss [ECF No. 51] is **GRANTED**.
2. The Second Amended Complaint [ECF No. 47] is **DISMISSED with prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on November 24, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record